UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEVEROYLE CUMBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-25-255-R |
| | ) |
| SSM HEALTH, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant SSM Health's Motion to Dismiss [Doc. No. 16]. Plaintiff Deveroyle Cumby, proceeding *pro se* and *in forma pauperis*, filed an untimely response after the Court ordered her to show cause why Defendant's Motion should not be granted [Docs. No. 18, 19]. Defendant replied [Doc. No. 20] and Plaintiff filed a second response [Doc. No. 21]. The matter is now at issue. For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND[1]

Plaintiff filed this action *pro se* on February 27, 2025, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 [Doc. No. 1 at p. 15]. At the same

---

[1] "As a pro se litigant, [Plaintiff] is entitled to a liberal construction of [her] pleadings." *Champion v. McCalister*, No. 23-6141, 2024 WL 3272239, at *2 (10th Cir. July 2, 2024) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). "But [she] still must comply with the rules that govern other litigants, and [the Court] do[es] not act as [her] 'attorney in constructing arguments and searching the record.'" *Id*. (quoting *Garrett*, 425 F.3d at 840).

1

time, Plaintiff moved to proceed *in forma pauperis* [Doc. No. 2]. After Plaintiff cured deficiencies in her motion, the Court granted it [Docs. No. 4, 5, 7].

On June 17, 2025—twenty days past Plaintiff's 90-day window for serving process—Plaintiff filed a Motion for Extension of Time to serve process [Doc. No. 10]. Despite lack of good cause for her failure to timely effect service, the Court, considering Plaintiff's *pro se* status, granted her a permissive 30-day extension to serve [Doc. No. 11].

Within the allotted 30 days, Plaintiff personally sent process to Defendant via certified mail [Doc. No. 14]. On July 28, 2025, Defendant brought a 12(b)(5) Motion to Dismiss the Complaint. Doc. No. 16. In the Motion, Defendant argues Plaintiff failed to comply with Federal Rule of Civil Procedure 4 by personally mailing process and failed to serve a true and correct copy of the Complaint upon Defendant. *Id.* at pp. 4-7.

Plaintiff did not timely respond to Defendant's Motion. This prompted the Court to order her to show cause why the Motion should not be granted, or face dismissal or the Motion being deemed confessed pursuant to LCvR7.1(g). Doc. No. 18 at p. 2.

When Plaintiff finally did respond, she asserted she "in all good faith put all the pages in the envelope" and "add[ed] a paper when the time seemed appropriate . . . that [she] didn't see when [she] made the copies for defendant." Doc. No. 19 at p. 1. Furthermore, Plaintiff stated she called a "Help line" who told her she could deliver the Complaint "in green Card . . . Attn. H.R." *Id.* at p. 2. Plaintiff then stated: "I'll say someone took out 5 pages and page 24. That is the only logical explanation." *Id.*

Beyond this, Plaintiff did not address Defendant's arguments. Defendant replied, arguing that "because the Motion . . . is not opposed, the Court may deem it confessed—

2

and [that] it is appropriate to do so here." Doc. No. 20 at p. 2. On September 15, 2025, Plaintiff filed a second response opposing Defendant's motion. Doc. No. 21. Her response neglected to address Defendant's contention that Plaintiff herself personally mailed service in violation of Rule 4. *See generally id.*

## LEGAL STANDARD

A rule 12(b)(5) motion challenges the plaintiff's mode or method of serving process on the objecting party. *Craig v. City of Hobart*, No. CIV-09-53-C, 2010 WL 680857, at *1 (W.D. Okla. Feb. 24, 2010) (citation omitted). In her motions, letters, and supporting briefs, Plaintiff need only make a prima facie showing that service was proper under Rule 4. *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008); *see also Honeycutt v. Hughs*, No. CIV-14-797-W, 2015 WL 2449424, at *2 n.7 (W.D. Okla. May 21, 2015) (noting the court can consider "documentary evidence" submitted with a Rule 12(b)(5) motion without converting the motion to one for summary judgment). However, the plaintiff bears the burden of showing compliance with all statutory and due process requirements. *Craig*, 2010 WL 680857, at *1 (citing *Fisher*, 531 F. Supp. 2d at 1260).

A Rule 12(b)(5) motion to dismiss "differ[s] from the other motions permitted by Rule 12(b) somewhat in that [it] offer[s] the district court a course of action—quashing the process without dismissing the action—other than dismissing the case when the defendant's defense or objection is sustained." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1354 (3d. ed. 2004). "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant" rather than dismiss the action. *Pell v. Azar Nut Co.*,

3

711 F.2d 949, 950 n.2 (10th Cir. 1983). Because Ms. Cumby is a *pro se* litigant, the Court affords her materials a liberal construction but does not act as her advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## DISCUSSION

**I.     Plaintiff failed to properly serve Defendant.**

Defendant argues Plaintiff failed to timely serve it with a complete copy of the Complaint. Doc. No. 16 at pp. 4-6.

There are several deficiencies with Plaintiff's service. First, Plaintiff admits she personally mailed service to Defendant in violation of Rule 4(c).[2] FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old and not a party[]" may serve process.). Plaintiff signed her name above the line labelled "Server's signature" on the Proof of Service Form. Doc. No. 14 at p. 1. *See Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 1656667, at *1 n.3 (W.D. Okla. June 11, 2025) (quoting *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)) ("'Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.'").

Second, Plaintiff failed to comply with Oklahoma service of process laws. *See* FED. R. CIV. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

---

[2] Plaintiff's *in forma pauperis* status provides her the ability to have the U.S. Marshals serve process for her. *See* FED. R. CIV. P. 4(c)(3); 28 U.S.C. § 1915. However, Plaintiff did not submit the documents necessary to request service by the Marshals and instead elected to serve Defendants herself.

made."). Oklahoma is both where the Court is located and where Plaintiff attempted to serve Defendant. Consequently, Oklahoma's service-by-mail statute satisfies Rule 4.

"[S]trict compliance with the Oklahoma statutory scheme is not required for service to be proper." *Crenshaw v. Stitt*, No. CIV-23-247-J, 2024 WL 3490295, at *3 (W.D. Okla. June 20, 2024) (citing *Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991)). Only *substantial* compliance is necessary. *Id.*

Oklahoma courts use a three-step test for substantial compliance inquiries. *See Graff*, 814 P.2d at 493. "'(1) Is there a statute authorizing the method of service employed?; (2) Have the requirements of the statute been observed?; (3) Have fundamental due process requirements been met?'" *Id.* (quoting *Steincamp v. Steincamp*, 593 P.2d 495, 498 (Okla. 1979)). Failure at any step results in failure overall. *See id.* at 496; *Harvey v. Filart*, No. 19-CV-260-TCK-CDL, 2021 WL 4616088, at *3-4 (N.D. Okla. Oct. 6, 2021) (citing *Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 13 P.3d 480, 484 (Okla. 2000)).

The first step is satisfied because a statute authorizes service of process by certified mail. *See* OKLA. STAT. tit. 12 § 2004(C)(2)(a). However, Plaintiff fails at the second step because she has not observed the requirements of that statute. The statute permits service by "the plaintiff's attorney, any person authorized . . . pursuant to [section (C)(1)(a)] of this subsection[,] or by the court clerk." § 2004(C)(2)(a). Authorized persons are "a sheriff or deputy sheriff, a person licensed to make service of process in civil cases[,] or a person specially appointed for that purpose." OKLA. STAT. tit. 12 § 2004(C)(1)(a).

Plaintiff personally mailed process to Defendant, but she does not fall into the categories of people permitted to serve process by mail. *See Duvall v. Okla. State Bd. of*

5

*Osteopathic Exam'rs*, No. CIV-17-247-F, 2017 WL 5197031, at *3 n.3 (W.D. Okla. Oct. 5, 2017) (quoting OKLA. STAT. tit. 12 §§ 2004(C)(1)(a), (2)(a)).

There are additional problems with Plaintiff's service. She failed to indicate "delivery restricted to the addressee" when sending process via certified mail, in violation of OKLA. STAT. tit. 12 § 2004(C)(2)(b). *See* Doc. No. 14 at p. 2; *Austin v. Enweremadu*, No. CIV-24-333-PRW, 2024 WL 4679120, at *2 (W.D. Okla. Nov. 5, 2024). She also failed to serve Defendant with a complete copy of the Complaint. *See* OKLA. STAT. tit. 12 § 2004(C)(1)(c)(3) ("Service shall be made . . . by delivering a copy of the . . . petition.").[3]

In *Graff*, 814 P.2d at 495-96, the court found a lack of substantial compliance with § 2004 when the plaintiff served an improper party and utilized a noncompliant form of return. This Court has previously held that when finding a failure to substantially comply with § 2004, there is no reason to distinguish the situation in *Graff*, where an improper party delivered service, from an improper party receiving service. *Clemens v. Companion Life Ins. Co.*, No. CIV-22-441-R, 2022 WL 3229973, at *2 (W.D. Okla. Aug. 10, 2022).

In *Clemens*, Defendant's lack of actual notice of the suit contributed to the finding of a failure to substantially comply with § 2004. *Id.* But in *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008), the court found the plaintiff's

---

[3] Defendant argues Plaintiff failed "to follow . . . state law on service requiring mail to be sent . . . only to a service agent or 'an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process.'" Doc. No. 16 at p. 6 (quoting OKLA. STAT. tit. 12 § 2004(C)(1)(c)(3)). Plaintiff does not dispute this in her Responses beyond stating that she called a "Help line" who told her to "Send it Attn. H.R." Doc. No. 19 at p. 2. However, as neither party has argued in depth whether the person who signed it ("Raymond Langst") was authorized to receive such mail, the Court declines to make a finding on this issue. *Id.*

failure to 1) obtain restricted delivery 2) to an authorized person, despite the defendants' actual notice of the lawsuit, did not amount to substantial compliance.[4] And in *Duvall*, 2017 WL 5197031, at *3, the mere fact that the process server was unauthorized to personally mail process meant substantial compliance had not occurred.

Plaintiff here failed 1) to ensure the proper party served Defendant, 2) to restrict delivery of process to Defendant, and 3) to include a complete copy of the Complaint. These combined failures indicate her lack of substantial compliance with Oklahoma service laws and therefore with Federal Rule of Evidence 4. As Plaintiff has failed step two, the substantial compliance inquiry ends here. Plaintiff did not properly serve Defendant.

## II.   Plaintiff has not shown good cause for failure to properly serve.

Plaintiff's failure to properly serve process does not automatically warrant dismissal. Ordinarily under Rule 4, if service does not occur within 90 days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the failure

---

[4] A few courts cite to language indicating that the true inquiry under the substantial compliance test is "'whether the found departure [from service requirements] offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.'" *Hukill*, 542 F.3d at 798 (quoting *Shamblin v. Beasley*, 967 P.2d 1200, 1209 (Okla. 1998)). *See also Crenshaw*, 2024 WL 3490295, at *3. However, the *Hukill* court ultimately noted that in *Graff*, once the court found a lack of substantial compliance, it "did not reach the question of fundamental due process." *Hukill*, 542 F.3d at 801 (citing *Graff*, 814 P.2d at 496). *See also Enweremadu*, 2024 WL 4679120, at *2 (neglecting to reach issues of due process after finding Plaintiff's failure to substantially comply with Oklahoma service laws rendered service insufficient).

7

[to properly serve], the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

The "good cause" provision "should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). "'[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service.'" *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). "Mistake of counsel or ignorance of the rules also usually do not suffice." *Id.* (citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *Despain*, 13 F.3d at 1439). "[A]bsence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiff[]." *Despain*, 13 F.3d at 1439 (citing *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 (E.D. Pa. Dec. 28, 1988)). "The fact that the statute of limitations has run . . . does not demonstrate good cause." *Id. See also Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007).

This Court has previously found Plaintiff failed to show good cause for her failure to effect timely service. Doc. No. 11. Now, even after Defendant's Motion arguing Plaintiff failed to properly serve it, Plaintiff has made no further attempts at service, nor has she asked the Court for more time to do so. *See Gumm*, 2007 WL 3312785, at *3 (finding lack of good cause for failure to timely serve where plaintiff had done nothing in a year to try to serve the defendant properly); *Calhoun v. Greens at Lake Overholser*, No. CIV-25-141-SLP, 2025 WL 1594294, at *1 (W.D. Okla. June 5, 2025) (finding lack of good cause where plaintiff failed to respond to the court's show cause order); *Despain*, 13 F.3d at 1439

8

(finding lack of good cause where plaintiffs served incorrect parties and plaintiffs' counsel misinterpreted the rule, even though defendants may have had actual notice of the suit and the statute of limitations had run).

"'A pro se litigant is still obligated to follow the requirements of'" Rule 4. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) (quoting *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)). Under the prescribed narrow reading of 4(m), Plaintiff has not attempted to demonstrate good cause for her failure to timely serve Defendant. No mandatory extension of time to serve is warranted.

### III.    Another permissive extension of time to serve is not warranted.

"If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* A permissive extension may be warranted where:

> (1) 'The applicable statute of limitations would bar the refiled action'; (2) 'the plaintiff has tried, but failed, to effect service upon the United States' in accordance with Rule 4(i); or (3) an extension is necessary to protect a pro se plaintiff from 'consequences of confusion or delay attending the resolution of an *in forma pauperis* petition.'

*Wagoner v. Towne*, No. CIV-18-821-G, 2019 WL 1283487, at *1 (W.D. Okla. Mar. 20, 2019) (quoting *Espinoza*, 52 F.3d at 841-42, 842 n.8).

This Court has already granted Plaintiff one permissive extension. *See* Doc. No. 11. As Plaintiff's attempt to serve process during that time was defective, this Court will again consider whether to grant her another extension.

9

First, Plaintiff makes a racial employment discrimination claim arising under Title VII of the Civil Rights Act of 1964. Doc. No. 1. Dismissal of this claim would bar Plaintiff's further pursuit of it because more than 90 days have passed since she received her right to sue letter from the EEOC.[5] *See* 42 U.S.C. §§ 2000(e)-5(f)(1); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds as stated in Keeler v. Cereal Food Processors*, 250 Fed. App'x 857, 860-61 (10th Cir. 2007) ("Title VII requires that a plaintiff bring a judicial action within ninety days of receipt of a right-to-sue letter. . . . [T]he filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII."). *See also Wagoner*, 2019 WL 1283487, at *1 (citation omitted); *Brown v. Kempthorne*, 2006 WL 1720238, at *1 (10th Cir. June 23, 2006).

Moreover, Oklahoma's "savings statute" does not save Plaintiff's Title VII claim. *See* OKLA. STAT. tit. 12 § 100 (If a plaintiff timely commences an action and fails other than on the merits, she "may commence a new action within one . . . year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.").

"When Congress has provided a federal statute of limitation for a federal claim . . . state tolling and saving provisions are not applicable.'" *Brown*, 926 F.2d at 961 (citing *Davis v. Smith's Transfer, Inc.*, 841 F.2d 139, 140 (6th Cir. 1988)). Title VII claims are federal claims for which federal law provides a statute of limitations. *Id.* (citing *Davis*, 841

---

[5] Plaintiff's right to sue letter was issued on January 14, 2025 [Doc. No. 1-7].

10

F.2d at 140; *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983)). This Court has previously found the Oklahoma savings statute inapplicable to Title VII's 90-day window for filing suit. *See Rogers v. Curahealth Okla., LLC*, 2023 WL 6222406, at *3. *See also* Wagoner, 2019 WL 1283487, at *1. The statute of limitations for Plaintiff's Title VII claim has therefore expired.

Plaintiff also does not meet factors two or three of the permissive extension test. The United States is not a defendant. *See Espinoza*, 52 F.3d at 842 (citing FED. R. CIV. P. 4(i)(3)). Nor has she alleged any delay or confusion regarding her *in forma pauperis* application hindered her service of Defendant.[6] *See Calhoun*, 2025 WL 1594294, at *1.

Another court in this district has found that, even where dismissal of a plaintiff's Title VII claim "would bar further pursuit of that claim[,] . . . a permissive extension should be denied and the matter dismissed." *Wagoner*, 2019 WL 1283487, at *1 (finding that because Plaintiff had neither attempted to serve Defendant nor explained her failure to do so, a permissive extension would "likely . . . only further delay . . . prompt disposition").

Despite Defendant's Motion highlighting the potential deficiencies with her service, Plaintiff made no attempt to remedy the deficiencies, has failed to adequately explain them, and has not asked the Court for more time to serve Defendant. Further extension, based on

---

[6] Although Plaintiff was ordered to cure deficiencies in her application to proceed *in forma pauperis*, she did so promptly and the court granted her application long before Plaintiff's ninety-day window for bringing suit expired. She cured her application on March 6, 2025, and the Court approved it on March 24, 2025. *See* Docs. No. 4, 5, 7. This left Plaintiff with at least two months to serve Defendant, and Plaintiff has not argued this process hindered her ability to effect service.

11

her repeated failures to meet deadlines and effect proper service, will likely further delay this matter's prompt disposition. A permissive extension is unwarranted.

**IV.     Dismissal would satisfy the interest of justice.**

As in this instance, when dismissal without prejudice "is equivalent to dismissal with prejudice due to the statute of limitations," federal courts must ask "whether dismissal 'would satisfy the interest of justice'" by analyzing:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance [] that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Wagoner*, 2019 WL 1283487, at *2 (quoting *Davis v. Miller*, 571 F.3d 1058, 1060-61, 1061 n.2 (10th Cir. 2009)).

With respect to factor one, Defendant appears minimally prejudiced. Despite Plaintiff's improper service, Defendant was promptly on notice of the lawsuit and the claims against it, as evidenced by its timely submission of a Motion to Dismiss. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921-22 (10th Cir. 1992). Furthermore, there are no "responsive pleadings, motions for discovery, status conferences, or trial preparations underway," and there is little "chance respondent was prejudiced by exerting effort to reply to the initial petition." *Davis*, 571 F.3d at 1062.

Under factor two, Plaintiff's repeated failures to comply with service deadlines and procedures has regularly interfered with the judicial process. *See id.* (finding untimeliness and failure to respond to court orders had "impact[ed] the court's ability to manage its docket and move forward with the cases before it").

Under factor three, Plaintiff played a central role in her failure to serve Defendant. She could have elected to have the U.S. Marshals or those authorized under Oklahoma law serve process for her, but she elected to do so herself. *See id.* at 1062-63 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)) ("'[W]e have upheld dismissals . . .where the parties themselves neglected their cases.'").

Under factor four, Plaintiff was at least on constructive notice that her actions risked dismissal. This Court notified Plaintiff after her initial request for an extension of time to serve that "failure to complete proper service within [the] time limit will result in dismissal of this action," albeit *without prejudice*. Doc. No. 11 at p. 2. Furthermore, Defendant's arguments in its Motion to Dismiss should have indicated to Plaintiff that a lack of proper service (and failure to timely address Defendant's arguments) could lead to dismissal. *See Esgar v. Colvin*, No. CIV-14-1172-HE, 2015 WL 588559, at *4 (W.D. Okla. Feb. 11, 2015); *Davis*, 571 F.3d at 1063-64 (citing *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1150 (10th Cir. 2007)) ("[I]t is not necessary that . . . notice be given pursuant to the specific behavior that later forms the basis for dismissal.").

In *Wagoner*, 2019 WL 1283487, at *2, the court found the fifth factor—efficacy of lesser sanctions—favored dismissal because the plaintiff's "failure to serve [the defendant] and failure to respond to the Court's show-cause order have impeded the Court's ability to proceed in this matter because the Court cannot ascertain whether Plaintiff intends to pursue her causes of action." This Court acknowledges its discretion to consider other sanctions, and notes that it could, rather than dismissing the case, allow Plaintiff yet another

13

chance to serve Defendant. *See Ehrenhaus*, 965 F.2d at 921-22. After all, Plaintiff is proceeding *pro se* and is likely unfamiliar with the service rules.

But *pro se* parties must "'follow the same rules of procedure that govern other litigants.'" *Garrett*, 425 F.3d at 840 (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Plaintiff has repeatedly missed deadlines and has failed to respond adequately to Defendant's arguments regarding service. Furthermore, she has been warned her failures could result in dismissal. *See* Doc. No. 11. Considering Plaintiff's consistent failures to properly serve Defendants and the Court's previous grant of a permissive extension of time to serve, the Court finds no other sanctions would be as effective as dismissal. *See Ehrenhaus*, 965 F.2d at 921-22.

Dismissal is appropriate "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Davis*, 571 F.3d at 1061 (quoting *Ehrenhaus*, 965 F.2d at 921). Because factors two, three, four, and five favor dismissal, dismissal would satisfy the interests of justice.

## CONCLUSION

Accordingly, Defendant's Motion is GRANTED.

IT IS SO ORDERED this 22nd day of September, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE